UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

JEROME M. ROSS,
　　　　　　　*Defendant-Appellant.*

No. 02-4784

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., District Judge.
(CR-01-25)

Submitted: February 13, 2003

Decided: March 13, 2003

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Stephen D. Herndon, Wheeling, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jerome M. Ross was convicted of possession of a firearm by a convicted felon, 18 U.S.C. § 922(d)(1) (2000), and possession of a firearm after conviction for a misdemeanor crime of domestic violence, 18 U.S.C. § 922(d)(9) (2000). He appeals the district court's denial, on the recommendation of the magistrate judge, of his motion to suppress evidence acquired in a warrantless search of his vehicle. Finding no error, we affirm.

While driving his car in Wheeling Park, within the City of Wheeling, West Virginia, Ross was stopped by Frank D. Kuca and Michael Zinn, patrol officers with the Wheeling, West Virginia, Police Department. The stop was precipitated by a dispatch call at 11:23 A.M. reporting that the occupant of a white car with a blue top pulled a gun on a park employee and followed her to work. An investigation revealed no car matching the description of the vehicle at the park. Another report from an anonymous caller reported the car had returned to the park at 3:38 P.M.; the caller providing a vehicle license number. The officers returned, located the car, and motioned the driver to stop. Kuca informed Ross, the driver, that they were investigating a report of a person pointing a gun at a park employee. Ross responded he had not been to the park earlier. Kuca asked if Ross had a gun on his person, and Ross stated he did not. Kuca then inquired if there was a gun in the car. Ross informed Kuca there was a gun in the pouch behind the passenger seat. A gun was found at the location described by Ross; he was thereupon arrested.

Ross filed a motion to suppress the gun as illegally seized because there was no criminal activity afoot at the time of the stop, and that insufficient evidence therefore existed for a stop pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). Ross further alleged that even if there was sufficient evidence for a *Terry* stop, the first report of brandishing a firearm was stale by the time he was stopped three hours later. The magistrate judge conducted a hearing. He recommended denying the motion because the officers were told a firearm had been brandished, and the officers would have been derelict in their duty if they did not stop the car bearing the reported license plate and matching the

description of a car from which someone had reportedly brandished a firearm. The magistrate judge also concluded that the specific information possessed by the officers three hours after the initial complaint was not stale.

The district court conducted de novo review of the magistrate judge's report, the objections filed by Ross, and the Government's reply. The court adopted the magistrate judge's report and denied the suppression motion. After Ross was found guilty by a jury, he filed a Fed. R. Crim. P. 33 motion seeking a new trial claiming the suppression motion had been improperly denied. That motion was denied.

Ross asserts on appeal that the suppression motion was improperly denied because the officers had no reasonable suspicion to stop Ross' car and the officers lacked authority to make the stop. This Court reviews the factual findings underlying the denial of a motion to suppress for clear error, while reviewing the legal determinations de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, the evidence is reviewed in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

The district court's factual determinations are not clearly erroneous. Given the facts known to the officers at the time of the stop, reasonable suspicion existed that a crime had been committed and the officers properly stopped the car to investigate. *See United States v. Hensley*, 469 U.S. 221, 226 (1985). Likewise, the district court did not clearly err in finding the criminal activity occurred within the City of Wheeling. The officers did not exceed their authority by stopping Ross' car to investigate a past criminal act. *Hensley*, 469 U.S. at 226. Accordingly, the district court properly denied the motion to suppress and the motion for new trial.

We affirm Ross' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*